IN THE UNITED STATES DISTRICT COURT
OF THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | | |
|---|---|---|
| CALTEX ACQUISITIONS LP, | ) | |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. CV 214-60 |
| | ) | |
| v. | ) | |
| | ) | |
| JOSEPH N. MCDONOUGH, | ) | |
| TROUT PROPERTIES LLC, | ) | |
| ST. SIMON LOGDING, LLC, | ) | |
| HARBOR PINES PARTNERS LP, | ) | |
| AND SHARYN HARPER, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Presently before the Court is Plaintiff's Motion for Default Judgment against Defendant Sharyn Harper ("Defendant Harper"). Dkt. No. 31. Upon due consideration, Plaintiff's motion for default is **GRANTED.**

The clerk's office granted an entry of default as to Defendant Harper on July 29, 2014. Dkt. No. 20. This entry constitutes an admission of Plaintiff's "well-pleaded allegations of fact." Nishimatsu Constr. Co., Ltd. V. Houston Nat'l Bank, 515 F. 2d 1200, 1206 (5th Cir. 1975).[1] Defendant Harper, however, "is not held to admit facts that are not well-pleaded or to admit conclusions of law." Id. Accordingly, before entering a default judgment for damages, the Court "must ensure that the well-pleaded allegations in the complaint, which are taken as true due to the default, actually state a substantive cause of action and that there is a substantive, sufficient basis in the pleadings for the particular relief sought." Tyco Fire & Sec., LLC v. Alcocer, 2007

---

[1] In Bonner v. Prichard, the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981. 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

WL 542583, at *2 (11th Cir. Feb. 22, 2007); see also Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1277-78 (11th Cir. 2005).

According to Plaintiff's Complaint, on or about March 6, 2012, Defendant Harper executed an Acknowledgment of Debt admitting her liability to Plaintiff in the total amount of $648,740.00 as of February 21, 2012. Dkt. No. 1 at ¶ 68, Exhibit F. Specifically, the Acknowledgement of Debt, attached to Plaintiff's Complaint, provides for Defendant Harper's repayment of the following obligations:

1. July 25, 2010 loan for $100,000.00 at an interest rate of two percent (2%) per month (funding for short sale, funds not returned);

2. March 1, 2011 loan for $200,000.00 at an interest rate of two percent (2%) per month (funds required to stop foreclosure on ocean lodge);

3. March 14, 2011 loan for $17,000.00 at an interest rate of two percent (2%) per month (Loan fees for other transactions); and

4. April 15, 2011 loan for $200,000.00 at an interest rate of two percent (2%) per month (funds requested to extend purchase contract for industrial park).

(hereinafter the "Acknowledged Debts"). Dkt. 1 at Exhibit F. The Acknowledgement of Debts was executed by Defendant Harper in Georgia and is notarized by a Glynn County, Georgia notary public. Dkt. 1 at Exhibit F. The Acknowledgment of Debts provides for the accrual of interest on the unpaid principal balances at the rate of two percent (2%) per month. Dkt. No. 1 at Exhibit F. Regarding the July 25, 2010 loan and the April 15, 2011 loan, each of these loans was also supported by an underlying promissory note, attached to Plaintiff's Complaint, which provides that Plaintiff is entitled to recover all costs of collection including fifteen percent (15%) of the principal and interest then owed as attorney's fees. Dkt. No. 1 at ¶ 28, Exhibit A; Dkt. No. 1 at ¶ 46, Exhibit C. Despite Plaintiff's demand for the same, Defendant Harper has failed and refused to pay any of the sums due under the Acknowledgement of Debts. Dkt. No. 1 at ¶ 71.

2

According to Plaintiff's Complaint, included in the Acknowledged Debts is the sum of $200,000.00 which was solicited by Defendant Harper from Plaintiff for the alleged purpose of extending a deadline for a purchase contract for the Turtle River Logistics Industrial Park commercial property (the April 15, 2011 loan referenced above). Compare Dkt. No. 1 at Exhibit F with Dkt. No. 1 at ¶¶ 41-42. Plaintiff alleges that to obtain this loan, Defendant Harper knowingly, and with intent to deceive, made false misrepresentations to Plaintiff about the purpose and intended use of some or all of the $200,000.00 in order to induce Plaintiff to extend the same, and that Plaintiff relied on Defendant Harper's misrepresentations and has been damaged as a result. Dkt. No. 1 at ¶¶ 104-107. Plaintiff alleges that while Defendant Harper solicited the sum of $200,000.00 for the purpose of making a payment to extend the sales contract for the Turtle River Property, Defendant Harper converted at least $100,000.00 of that sum for her own personal use and benefit, and did not use such funds for the stated purpose. Dkt. No. 1 at ¶ 111.

The facts discussed above were corroborated through testimony presented at the Court's January 13, 2016 hearing. Defendant Harper did not appear, nor did Defendant Harper present written objection to the entry of a default judgment in favor of Plaintiff.

In considering any default judgment, the Court must examine: (1) jurisdiction, (2) liability, and (3) damages. See Pitts v. Seneca Sports, Inc., 321 F. 2d 1353, 1356 (S.D. Ga. 2004). In this case, the Court is satisfied that it has subject matter jurisdiction, as established by the allegations of the Complaint and as corroborated at the January 13, 2016 hearing. Plaintiff is a citizen of Texas. Dkt. No. 1 at ¶ 1. Defendant Harper is a resident of the State of Ohio, and all remaining Defendants are citizens of Georgia. Dkt. No. 1 at ¶¶ 2-6. The amount in controversy exceeds $75,000.00. See Dkt. No. 1 at Exhibit F.

3

The Court is also satisfied that it has personal jurisdiction over Defendant Harper. Defendant Harper was personally served in Clermont County, Ohio. Dkt. No. 9. A federal court sitting in diversity undertakes a two-step inquiry in determining whether personal jurisdiction exists: "the exercise of jurisdiction must: (1) be appropriate under the state long-arm statute; and (2) not violate the Due Process Clause of the Fourteenth Amendment to the United States Constitution." Diamond Crystal Brands, Inc. v. Food Movers Int'l, Inc., 593 F.3d 1249, 1257-58 (11th Cir. 2010) (quoting United Techs. Corp. v. Mazer, 556 F.3d 1260, 1274 (11th Cir.2009)). Based upon Plaintiff's Complaint and presentation at the January 13, 2016 hearing, Defendant Harper has transacted business within the State of Georgia and the claims brought by Plaintiff arise out of Defendant Harper's transactions in Georgia, so as to satisfy the requirements of the Georgia Long Arm Statute. See O.C.G.A. § 9–10–91(1). Furthermore, Defendant Harper's contacts with the State of Georgia are such that the exercise of jurisdiction over her by this Court does not offend traditional notions of fair play and substantial justice, or otherwise offend the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

Liability has also been established, as the admission of the facts set forth in the Complaint constitutes a breach of contract by Defendant Harper. Additionally, the facts set forth in the Complaint adequately establish Plaintiff's claims for fraud, theft by deception and theft by conversion with respect to the $100,000.00 which was taken by Defendant Harper for personal purposes unrelated to the stated purpose of that loan. Finally, the Court is satisfied that the allegations set forth in the Complaint and the evidence presented at the Court's hearing on the matter adequately demonstrate Plaintiff's damages.

Specifically, with regard to the July 28, 2010 loan, evidence submitted at the hearing establishes that Plaintiff is owed $100,000.00 for the unpaid principal, $130,000.00 for unpaid interest; and $34,500.00 for attorney's fees.[2]

With regards to the March 1, 2011 loan, evidence submitted at the hearing establishes that Plaintiff is owed $200,000.00 for the unpaid principal and $107,000.00 for unpaid interest.[3]

With regards to the March 14, 2011 loan, evidence submitted at the hearing establishes that Plaintiff is owed $17,000.00 for the unpaid principal and $19,380.00 for unpaid interest.

With regards to the April 15, 2011 loan, evidence submitted at the hearing establishes that Plaintiff is owed $200,000.00 for the unpaid principal, $224,000.00 for unpaid interest, and $63,600.00 for attorney's fees.

Accordingly, default judgment is hereby entered pursuant to Federal Rule of Civil Procedure 55(b). The clerk is directed to enter judgment in favor of Plaintiff against Defendant

---

[2] O.C.G.A. § 13-1-11(a) provides:

> Obligations to pay attorney's fees upon any note or other evidence of indebtedness, in addition to the rate of interest specified therein, shall be valid and enforceable and collectable as a part of such debt if such note or other evidence of indebtedness is collected by or through an attorney after maturity, subject to subsection (b) of this Code section and to the following provisions:

> (1) If such note or other evidence of indebtedness provides for attorney's fees in some specific percent of the principal and interest owing thereon, such provision and obligation shall be valid and enforceable up to **but not in excess of 15 percent of the principal and interest** owing on said note or other evidence of indebtedness;

The attorney's fees figure listed above is derived by adding the principal and interest due on the loan and multiplying this number by 15 percent.

[3] On or about January 14, 2015, Plaintiff received $125,000.00 from the other Defendants to this action toward the indebtedness under the March 1, 2011 loan for $200,000.00. This amount has been credited and deducted from the total interest due on this loan. . See O.C.G.A.§ 7-4-17 ("When a payment is made upon any debt, it shall be applied first to the discharge of any interest due at the time, and the balance, if any, shall be applied to the reduction of the principal.").

5

Harper for the total amount of $1,095,480.00 under Count I of Plaintiff's Complaint for Breach of Contract. Judgment is also to be entered under Counts 5, 6, and & of Plaintiff's Complaint for Theft by Deception, Fraud, and Theft by Conversion in the amount of $100,000.00, to be concurrent with the damages awarded for Breach of Contract.

**SO ORDERED,** this \_\_\_\_ day of January, 2016.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA